UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN R. SINGLETON, III,

Plaintiff,

vs.

CITY OF DELTONA,

Defendant.

Case No.
6:24-cv-2243-CEM-RMN

### REPORT AND RECOMMENDATION

John R. Singleton, III, proceeding *pro se*, filed an Amended Complaint against the City of Deltona (Dkt. 15) and an amended Motion to Proceed *in forma pauperis* (the "IFP Motion," Dkt. 16). Considering the standards the Court must apply and the allegations in the Amended Complaint, I respectfully recommend denying the amended IFP Motion and dismissing the Amended Complaint with prejudice.

### I. BACKGROUND

On December 10, 2024, Plaintiff filed his initial complaint naming the City of Deltona Municipality, Mark Gibson, Lindsey Longstreet, and Danny Ron as defendants. Dkt. 1. The Court dismissed Plaintiff's initial complaint as a shotgun pleading and explained to Plaintiff that his complaint fails to state any claim for

relief under § 1983 against any of the named defendants. Specifically, the Court explained that the City cannot be vicariously liable for their employees actions, Plaintiff failed to state a claim pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), and the claims against the individual defendants failed for various reasons stated in the Report and Recommendation. *See* Dkts. 12, 14.

After the Court dismissed the first complaint with leave to amend, Plaintiff filed the instant IFP Motion and an Amended Complaint. *See* Dkts. 15, 16.

## II.  LEGAL STANDARDS

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate a plaintiff's financial status and determine whether he or she is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that the plaintiff is a pauper, the Court must review the complaint under section 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B)(i)–(iii). A complaint is frivolous within the meaning of section 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). If the complaint is deficient, the court must dismiss the lawsuit. *Neitzke*, 490 U.S. at 324.

### III. ANALYSIS

#### A. Financial Information

When considering an IFP Motion, the Court must assess whether the statements in the IFP application or accompanying declaration satisfying the requirements of poverty. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). The Court does this by comparing the applicants' assets, income, and liabilities. *See, e.g., id.* at 1307–08 (noting that "the district court was unable to compare Martinez's assets with her liabilities in order to determine whether she

satisfied the poverty requirement"). After a careful review of the amended IFP Motion, I find Plaintiff qualifies as a pauper. *See* Dkt. 16.

B. Adequacy of the Amended Complaint

In the Amended Complaint, Plaintiff attempts to bring § 1983 claims against the City of Deltona, as well as claims pursuant to the Florida Civil Rights Act, Florida Statute § 768.28, Florida Statute § 772.104, and a claim he calls "Breach of Good Faith and Authority to Act under Clause 17 of Contract with VSO."[1] *See* Dkt. 15. Plaintiff states that City of Deltona code enforcement officers "attempted to seize Plaintiff's vehicle," "forcibly demanded Plaintiff's identification," and "detained Plaintiff on his own property without legal justification." *Id.* at ¶¶ 3, 5, 6. Additionally, the Amended Complaint alleges that Plaintiff was "denied a hearing or access to due process protections under Florida law to contest the unlawful deprivation of his property, the forcible demand for identification, and his wrongful detention on his property." *Id.* at ¶ 7. As for liability on behalf of the City, Plaintiff states that "[t]he involvement and instructions of the City of Deltona in directing the actions of VSO deputies demonstrate the City's deliberate role in the unlawful conduct," and that the City "failed to comply with Florida Statute 162, which mandates proper oversight and procedures for municipal code enforcement, including the right to a hearing before a magistrate or Code Enforcement Board."

---

[1] Importantly, the Amended Complaint renames the "City of Deltona Municipality" to the "City of Deltona" and drops the individual defendants Mark Gibson, Lindsey Longstreet, and Danny Ron. *Compare* Dkt. 1 to Dkt. 15.

*Id.* at ¶¶ 15, 16. Plaintiff maintains that this failure on behalf of the City and the City's "deliberate indifference" to the alleged unlawful conduct of City employees "constituted an official policy or custom under *Monell v. Department of Social Services.*" *Id.* at ¶ 18.

This Report recommends dismissal of each of Plaintiff's counts against the City of Deltona, and recommends the Court deny Plaintiff's IFP Motion and dismiss the Amended Complaint with prejudice.

### 1. Section 1983 Claims (Counts I and II)

As stated in the Court's previous Report and Recommendation (Dkt. 12), although municipalities may be sued under § 1983, they cannot be held vicariously liable for their employees' actions. *DeSimone v. Flagler Cnty.*, 682 F. Supp. 3d 1085, 1095 (M.D. Fla. 2023) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, (1978). Rather, the municipality itself must cause the purported § 1983 violation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Thus, "to impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

The first prong of the municipal liability analysis requires that Plaintiff shows his constitutional rights were violated. *Id.* Just like the first iteration of the Complaint, Plaintiff fails to allege—besides his

own conclusory statements—that any of his constitutional rights were violated. To be sure, "forced identification" and "attempted seizure" of a vehicle are not constitutional violations, and Plaintiff does not allege any actual *facts* to support his *conclusion* that he was "detained" on his own property in violation of the 4th Amendment. *See* Dkt. 15. Again, just like the first Complaint, Plaintiff's allegations merely amount to potentially lawful actions taken by law enforcement in an attempt to investigate potential code violations and other possible unlawful activity. It is only Plaintiff's bare conclusory statements that suggest any of the City employee's actions were unlawful.

Although the analysis could stop there, Plaintiff has also not shown "that the municipality had a custom or policy that constituted deliberate indifference" to his constitutional rights. *McDowell*, 392 F.3d 1289. As already explained to Plaintiff, "[a] policy is a decision that is officially adopted by the municipality, or created by an official of such rank that they could be said to be acting on behalf of the municipality. . . . A custom is a practice that is so settled and permanent that it takes on the force of law." *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005) (*quoting Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997)). "'Proof of a single incident of unconstitutional activity is not sufficient to impose liability' on a governmental entity as part of either a policy or custom unless the challenged policy itself is unconstitutional." *Ireland v. Prummell*, 53 F.4th 1274, 1289 (quoting City of *Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (plurality opinion)). A custom or policy is

deliberately indifferent to a constitutional right when a "plainly obvious consequence" of the custom or policy violates a constitutional right. *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 411 (1997). "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Id.* at 410.

Just like the first Complaint, Plaintiff alleges in a conclusory fashion that he "was denied a hearing or access to due process protections," (Dkt. 15 at ¶ 7), that the City failed to comply with Florida law requiring a magistrate or Code Enforcement Board hearing (*Id.* at ¶ 17), and that the City's "deliberate indifference to [systemic due process violations, racial discrimination, and wrongful deprivation of property] constituted an official policy or custom" (*Id.* at ¶ 18). These conclusory allegations, without factual detail to explain *why* he was due a hearing or "access to due process" and *how* the City's official policies created systemic due process violations, do not amount to a *Monell* claim. Plaintiff does not provide enough factual allegations to support the second prong of municipal liability, and the Court should dismiss Counts I and II of Plaintiff's Amended Complaint.

### 2. Breach of Good Faith Claim (Count III)

Count III of Plaintiff's Amended Complaint attempts to assert a claim labeled "Breach of Good Faith and Authority to Act Under Clause 17 of Contract with VSO." Dkt. 15 at 6. Plaintiff seemingly alleges that Volusia County Sheriff's Office has a contract with the City, and because of this contract there is an implied obligation for the

"sworn deputies" to "act within constitutional, statutory, and procedural safeguards to ensure lawful exercise of [their] powers." *Id.* Plaintiff alleges that because Volusia County deputies somehow violated his constitutional rights, the City harmed Plaintiff by breaching its contractual obligation to "adequately supervise and ensure that deputies exercising the City's authority [] complied with these legal safeguards." *Id.*

This Count is as confusing as it is legally impractical. Plaintiff, a private citizen, cannot be harmed by any alleged breach of any alleged contract between the City and the Sheriff's department to patrol and defend. Put simply, Plaintiff himself does not have a contract with either the City or the Sheriff's department and so cannot be harmed by any alleged breach of contract. The Court should dismiss Count III.

### 3. Florida Civil Rights Act Claim (Count IV)

Although the actual claim is largely unclear, Plaintiff alleges that the City employees violated the FCRA by engaging in racial discrimination and depriving Plaintiff of his "property." Dkt. 15 at 6. There are little to no factual allegations to support a racial discrimination claim in this count and the Amended Complaint as a whole is completely devoid of any facts to allege that the deputies deprived Plaintiff of any "property." The only allegation to suggest there was any seizure of property involved in this encounter with law enforcement was Plaintiff's allegation that the deputies "attempted" to seize Plaintiff's car. And as already stated an "attempted seizure" is not

a constitutional violation or a violation of the FCRA. Count IV should be dismissed.

### 4. Claims Pursuant to Florida Statutes (Counts V and VI)

The Amended Complaint attempts to allege violations of Florida Statute § 772.104, Remedies for Criminal Practices Act. This statute is the civil enforcement mechanism for § 772.103 ("Florida RICO Act"). The Florida RICO statute, "states that it is unlawful for a person (1) to use or invest proceeds received through a pattern of criminal activity to establish or operate an enterprise, (2) to acquire or maintain an interest in or control of an enterprise through a pattern of criminal activity, (3) to conduct or participate in an enterprise through a pattern of criminal activity, or (4) to conspire to do any of the above prohibited activities." *Rogers .v Nacchio*, 241 F. App'x 602, 607 (11th Cir. 2007)[2] (citing Fla. Stat. § 772.103). Courts look to decisions interpreting the federal RICO statute in interpreting § 772.103. *Id.*

The federal RICO statute has four elements: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity. *Langford v. Rite Aid of Ala., Inc.*, 231 F.3d 1308, 1311 (11th Cir. 2000). "Plaintiffs in such an action must identify and prove a pattern of racketeering activity, defined as two 'predicate acts' of racketeering activity within a 10-year period." *Id.* at 1311–12 (citing 18

---

[2] Although *Rogers .v Nacchio* is unpublished and therefore non-binding, the opinion provides guidance and persuasive reasoning. *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

U.S.C.§ 1961(5)). "The phrase 'racketeering activity' is defined as any act which is indictable under a lengthy list of criminal offenses," including any act or threat involving murder, kidnapping, gambling, arson, robbery, extortion, bribery, mail fraud, wire fraud, counterfeiting, etc. *Id.* at 1312; *see also* 18 U.S.C. § 1961(1).

Here, Plaintiff must allege "facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 949 (11th Cir. 1997). And the Amended Complaint fails to allege sufficient facts, besides mere conclusory statements, of any predicate acts. Thus, Count V should be dismissed.

### C.   Dismiss With Prejudice.

Lastly, a *pro se* plaintiff must be given at least one chance to amend his complaint before the court dismisses it. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 n.1 (11th Cir. 2002) (en banc). Plaintiff has had an opportunity to plead a claim and has not done so. The time has come to dismiss this action. I respectfully recommend that the Court do so.

### IV.   RECOMMENDATION

Accordingly, I respectfully **RECOMMEND** the Court:

1.    **DENY** Plaintiff's Motion to *Proceed in forma pauperis* (Dkt. 16);

    2.    **DISMISS with prejudice** Plaintiff's Amended Complaint (Dkt. 15); and

    3.    **DIRECT** the Clerk to terminate any pending deadlines and close the case.

### Notice to Parties

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on April 1, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record